UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEAN CARLOS RIVERA MARTINEZ
Plaintiff,

v.

AMAZON.COM SERVICES, LLC f/k/a
AMAZON.COM SERVICES, INC.
Defendant(s).

Case No. 3:20-cv-463

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEAN CARLOS RIVERA MARTINEZ ("Plaintiff"), by and through the undersigned Counsel, hereby sues AMAZON.COM SERVICES, LLC formerly known as AMAZON.COM SERVICES, INC. ("Defendant"), and states the following:

1.      This lawsuit is brought by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") to redress the injury done to him by the Defendant's discriminatory treatment on the basis of his sex and for retaliation.

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3.      Defendant is subject to the exercise of personal jurisdiction by this Court, and venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02.

4.      Plaintiff, at all time material hereto, was a citizen and resident of Jacksonville, Duval County, Florida.

5.      Defendant is a foreign limited liability company with its principal place of business located in Seattle, Washington.

1

6.     All conditions precedent have been satisfied. The U.S. Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Right-to-Sue Letter on February 7, 2020.

7.     Defendant is in the business of owning and operating various fulfillment centers, including fulfillment centers in Jacksonville, FL, where products purchased online are packaged and shipped to customers.

8.     Defendant is engaged and affects interstate commerce and at all material times relevant hereto they had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

9.     Plaintiff began working for Defendant on or about October 25, 2017, as a Fulfillment Associate at the "JAX2" fulfillment center located at 12900 Pecan Park Road, Jacksonville, FL 32218.

10.     Throughout his employment with Defendant, Plaintiff performed his duties satisfactorily. Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

11.     On or about April 4, 2019, while Plaintiff was working at the "Jax2" fulfillment center a fellow male employee, Jamary Sykes ("Mr. Sykes"), sexually harassed Plaintiff by touching Plaintiff's genitals. During the incident, Mr. Sykes commented to Plaintiff that Plaintiff was "turned on" and that Plaintiff "had an erection".  The incident was verbally reported to Defendant.

12.     On or about April 5, 2019, while Plaintiff was working at the "Jax2" fulfillment center, Mr. Sykes again approached Plaintiff as if he was going to touch Plaintiff's genitals and commented to Plaintiff  that he could see  the outline of Plaintiff's penis. Plaintiff verbally reported this incident to Defendant.

13.     Throughout the months of April, May and June 2019, Mr. Sykes seemingly went out of his way to accost Plaintiff, as he would repeatedly come into proximity to Plaintiff despite the fact that Plaintiff and Mr. Sykes worked in different departments.

14.     During their interactions, Mr. Sykes would repeatedly make comments of a sexual or romantic nature towards Plaintiff, including asking the Plaintiff to let him be Plaintiff's "sugar daddy'" and calling Plaintiff "Papi"[1]. Plaintiff verbally reported these incidents to Defendant.

15.     In or about June 2019, Plaintiff was performing a task on a computer at the "Jax2" fulfillment center when Mr. Sykes approached Plaintiff and placed Mr. Sykes genital region against Plaintiff's shoulder.

16.     Mr. Sykes conduct made Plaintiff feel sexually harassed and created a hostile work environment.

17.     Despite his repeated protests to Defendant, no action was taken by the Defendant to address the sexual harassment and hostile work environment Plaintiff suffered.

18.     On or about June 15, 2019, Plaintiff filed a written complaint with Defendant regarding Mr. Sykes sexual harassment and hostile work environment.

19.     On or about June 21, 2019, shortly after Plaintiff's filed a written complaint with Defendant regarding Mr. Sykes harassment and hostile work environment, Defendant terminated Plaintiff's employment in retaliation for complaining about the sexual harassment and hostile work environment which Plaintiff endured.

20.     At the time of his termination, Plaintiff performed his duties satisfactorily. There was no reason other than discrimination and retaliation for Plaintiff's termination.

---

[1] "Papi" a term often used to describe a romantic or sex partner.

21.     At all times material, Plaintiff was a member of a class of people who are protected by Title VII of the Civil Rights Act of 1964: a male employee.

22.     Plaintiff was subject to unwelcome sexual harassment, such as sexual advances and other conduct of a sexual nature.

23.     The sexual harassment was based on Plaintiff's sex, a male.

24.     The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment.

25.     The sexual harassment created a discriminatorily abusive working environment.

26.     Defendant knew or should have known of the harassment in question but failed to take prompt remedial action and retaliated against Plaintiff.

27.     Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's sex.

28.     As a direct and proximate result, Plaintiff has suffered damages, including but not limited to severe emotional distress, loss of income, loss of future earning potential, and other economic and non-economic damages.

29.     Plaintiff demands a jury trial.

**WHEREFORE,** Plaintiff demands judgment against Defendant for:

A.  Compensatory damages, including economic and non-economic damages, as described above;

B.  Liquidated damages, including economic and non-economic damages, as described above;

C.  Attorney fees;

D.  Cost of litigation; and

E.  Such other relief as this Honorable Court deems just.

Dated: May 6, 2020,               **ROSADA LAW, PLLC.**

/s/ Miguel Rosada
MIGUEL A. ROSADA, ESQ.
Florida Bar No. 0085343
301 W. Bay Street, Suite 1474
Jacksonville, FL  32202
Tel:     (904) 329-7233
Email: mrosada@mrjaxlaw.com
mrosada@yourrights.lawyer
*Counsel for Plaintiff*